IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL M. ALLAH,** *Plaintiff* | : :  **CIVIL ACTION** |
| v. | : : |
| **DIRECTOR PAT O'CONNER** *et al.*, *Defendants* | : : **No. 18-4048** : |

## MEMORANDUM

PRATTER, J.                                                                                                                                                   SEPTEMBER ___, 2020

### INTRODUCTION AND BACKGROUND

Michael Allah bring claims pursuant to 42 U.S.C. § 1983 against his parole agent and various employees of Gaudenzia DRC, a privately owned company that provides outpatient and inpatient substance abuse and mental health services. Mr. Allah alleges that while he was on parole and participating in Gaudenzia DRC's inpatient program, Gaudenzia DRC employees (the "DRC Defendants") falsely accused him of cocaine use, refused to let him attend medical appointments, denied him access to his prescription pain medication, retaliated against him for filing grievances, and took his personal property without a hearing.

The DRC Defendants move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Mr. Allah opposes the motion.

For the reasons that follow, the Court grants the motion to dismiss.

### LEGAL STANDARD

**A.**    **Lack of Subject Matter Jurisdiction (F.R.C.P. 12(b)(1))**

A district court may properly grant a motion to dismiss pursuant to Rule 12(b)(1) based on the legal insufficiency of the claim. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408

1

(3d Cir. 1991). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack challenges the legal sufficiency of the claim but does not dispute the facts alleged in the complaint. *Id.* A factual attack allows a court to consider evidence outside the pleadings and decide whether it does, in fact, have jurisdiction to hear the case. *Id.*

Dismissal under a facial challenge is proper "only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr*, 926 F.2d at 1408–09 (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). In this circumstance, the court must accept all well-pleaded allegations in the plaintiff's complaint as true, and must view them in the light most favorable to the non-movant. *In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558, 561 (3d Cir. 2005). However, a party asserting that the court has jurisdiction always bears the burden of showing that the case is properly before the court. *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 188 (1936)).

Under a factual challenge, the trial court's very power to hear the case is at issue, and the court is therefore "free to weigh the evidence and satisfy itself as to the power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In such an attack pursuant to Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 70 (3d Cir. 2000) (internal quotations omitted). Where a defendant attacks a court's factual basis for exercising subject matter jurisdiction, the plaintiff must meet the burden of proving that jurisdiction is appropriate. *Id.*

## B. Failure to State a Claim (F.R.C.P. 12(b)(6))

To survive a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted). The Court notes that Mr. Allah's *pro se* pleading should be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Bieros v. Nicola*, 839 F. Supp. 332, 334 (E.D. Pa. 1993).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court may consider "only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "Court dockets may be considered on a motion to dismiss because they are matters of public record." *Gov't Emps. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 167 n.12 (E.D. Pa. 2017) (citation omitted). Also, the Court must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality, even given the indulgent nature of the Court's review of *pro se* pleadings. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

3

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions") (citations omitted).

## DISCUSSION

The DRC Defendants assert that the Court does not have subject matter jurisdiction over the claims against them. They argue that to establish a Section 1983 claim, Mr. Allah must show that his constitutional rights were deprived by a person acting under color of state law. Because Gaudenzia DRC is a privately owned company, the DRC Defendants claim that Mr. Allah cannot make this showing.

In support of their arguments, the DRC Defendants submit an affidavit of Bisa Muhammad, the Operations Director for Gaudenzia DRC. The affidavit asserts that Gaudenzia DRC is a privately owned company that provides outpatient and inpatient services for individuals recovering from substance abuse or living with mental health issues. Muhammad Aff. ¶ 2. In part, the company's services "include providing specialized programs for prisoners paroled by the Pennsylvania Board of Probations and Parole, through a contract with the Pennsylvania Department of Corrections." *Id.* at ¶ 3. Mr. Allah agreed to participate in the mental health program at Gaudenzia as a condition of his parole. *Id.* at ¶ 4. All of Gaudenzia DRC's clients, including those on parole like Mr. Allah, are not confined to the facility and are free to discharge themselves at any time. *Id.* at ¶ 5.

Mr. Allah responds that he need only plead facts from which the Court can infer that the DRC Defendants could be state actors subject to Section 1983 liability, not that he need prevail on his theory. He claims that Gaudenzia's contract with the Government and its receipt of state and local resources bring Gaudenzia and its employees under color of state law. *See Eggert v.*

4

*Tuckerton Volunteer Fire Co. No. 1*, 938 F. Supp. 1230, 1240 (D.N.J. 1996) (finding state action for purposes of Section 1983 where fire company relied on funding and fire trucks provided by the Borough of Tuckerton and state law had consistently recognized firefighting services as a governmental or public function). Mr. Allah also argues that physicians who contract with the state to provide medical services to inmates have been held to act under color of state law.

In reply, the DRC Defendants submit a second affidavit from Bisa Muhammad stating that Gaudenzia's contract with the Department of Corrections, which is also attached as an exhibit, states, "In performing its obligations under the Contract, the Contractor [Guadenzia DRC] will act as an independent contractor and not as an employee or agent of the Commonwealth." Muhammad Suppl. Aff. ¶ 4. They argue that Mr. Allah has failed to show that, as employees of a private company, they were state actors or acting under color of state law, and accordingly subject matter jurisdiction is lacking.

Because the DRC Defendants have submitted evidence in support of their motion to dismiss, they can be said to have made a factual challenge under Rule 12(b)(1), rather than a facial one. Accordingly, Mr. Allah's allegations are not entitled to a presumption of truthfulness, and it is Mr. Allah who carries the burden of persuasion to show that jurisdiction is proper in light of the evidence submitted. Therefore, for his case to proceed against the DRC Defendants under Section 1983, Mr. Allah must show that they acted under color of state law in depriving him of his constitutional rights. *See Turner v. Spaley*, 501 F. App'x 101, 103 (3d Cir. 2012) (per curiam) (affirming district court's determination that private party was not a state actor subject to suit under Section 1983 and that it accordingly did not have jurisdiction over the claim).

Despite the DRC Defendants' contentions, the fact that Gaudenzia DRC is a private company does not foreclose the possibility that they could also be state actors for the purposes of

5

Section 1983 liability. Answering the question of whether the DRC Defendants engaged in "state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the Defendants] so that the action of the latter may be fairly treated as that of the State itself.'" *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

The Third Circuit Court of Appeals has described the Supreme Court's three "discrete tests" to determine whether state action is present. *Id.* "The first inquiry asks whether 'the private entity has exercised powers that are traditionally the exclusive prerogative of the state.'" *Id.* (quoting *Blum*, 457 U.S. at 1004–05). This "exclusive public function test" is "rarely ... satisfied." *Id.*

"The second discrete inquiry asks whether 'the private party has acted with the help of or in concert with state officials.'" *Id.* (quoting *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 524 (3d Cir. 1994)). For example, where a private party and a state official conspire to engage in certain unlawful conduct, the private party may be considered a state actor for the purposes of Section 1983 liability. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970).

"Finally, the third scenario involves situations in which '[t]he State has so far insinuated itself into a position of interdependence with . . . [the acting party] that it must be recognized as a joint participant in the challenged activity." *Mark*, 51 F.3d at 1142 (alteration in original) (quoting *Krynicky v. Univ. of Pittsburgh*, 742 F.2d 94, 98 (3d Cir. 1984)). Examples of this scenario include a private restaurant located in a building owned by an agency of the state where the state benefitted financially from the lessee's business, *see Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725

6

(1961), and universities that receive financial support where the state committed itself to future aid and set an annual appropriation policy and tuition rate, *see Krynicky*, 742 F.2d at 102.

Considering the complaint, the evidence and arguments submitted by the DRC Defendants, and Mr. Allah's responses, there is not a basis for finding that either the first or third tests are met here. Substance abuse and mental health treatment is not traditionally the exclusive prerogative of the state. *See, e.g., Byng v. Delta Recovery Servs., LLC*, No. 13-733, 2013 WL 3897485, at *9 (N.D.N.Y. July 29, 2013) ("Courts have consistently held that the provision of transitional housing to former inmates under parole supervision is not a function that has traditionally been the exclusive prerogative of the state.") (listing cases), *aff'd*, 568 F. App'x 65 (2d Cir. 2014). And despite Mr. Allah's contentions regarding Gaudenzia's contract with the Department of Corrections, the mere existence of a contract does not establish that Gaudenzia was acting under color of state law, and it is Mr. Allah's burden to show that Gaudenzia and the state were so interdependent that they must be recognized as joint participants. *See Merrill v. Mental Health Sys.*, No. 16-01090, 2016 WL 4761789, at *5 (S.D. Cal. Sept. 13, 2016) (holding that state-funded program providing substance abuse treatment for parolees was not a state actor because "[e]ven acts by private corporations that derive their primary source of business from government contracts 'do not become acts of the government by reason of their significant or even total engagement in performing public contracts'") (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982)). That burden has not been met here.

This leaves only the second test: whether the DRC Defendants acted with the help of or in concert with state officials. In the complaint, Mr. Allah alleges:

> On 7/6[/]2018, SCI-Graterford/Phoenix took all my legal documents from me and I will need to conduct discovery to learn the names of all the defendants. Then I will be able to tie in all the events into one single conspiracy act. The defendants

7

were upset that the health insurance company started an investigation into why I was not being treated since they were paying for my treatment.

Compl. 5.

Although a conspiracy between a private party and state official can, under certain circumstances, create state action on the part of the private party, this allegation, without more, cannot support a finding of subject matter jurisdiction. Mr. Allah's complaint has been attacked under Rule 12(b)(1), and his allegations are no longer assumed to be true. Even if they were, "[t]o properly allege a conspiracy as a basis to hold a private party accountable as a state actor for purposes of Section 1983, a plaintiff must allege that there was an agreement, understanding, or 'meeting of the minds' to violate the plaintiff's rights." *Gallagher v. Green*, No. 12-3840, 2014 WL 4954833, at *8 (E.D. Pa. Oct. 2, 2014) (*Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008)). "The Complaint should contain specific allegations to infer an agreement or understanding between the private and state actor defendants." *Id.* (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010)). Mr. Allah's complaint merely alleges the possibility of a future allegation—that following discovery, he may then have information he needs to plead a conspiracy. At this time, there is no showing that an alleged conspiracy provides the basis for finding state action and, in turn, subject matter jurisdiction.

Courts have routinely held that the entity and personnel offering inpatient treatment programs are not state actors for the purposes of Section 1983, even where the plaintiff has been placed in the program as a condition of parole. *See, e.g., Smith v. Devline*, 239 F. App'x 735, 736 (3d Cir. 2007) (holding at summary judgment stage that plaintiff failed to meet his burden to prove that residential treatment center where plaintiff was paroled acted under color of state law even though the center contracted with various government entities); *Melvin v. Connecticut*, No. 16-537, 2017 WL 3841689, at *3 (D. Conn. Sept. 1, 2017) ("Under the public function test, the actions

of employees of a private drug rehabilitation facility may be attributed to the state if the plaintiff was confined at the facility pursuant to an alternative-to-incarceration program[,]" but "[t]hat is not so if the individual resides at the facility as a condition of parole."); *Murray v. NYC Dep't of Corr.*, No. 13-7090, 2016 WL 11395007, at *10 (E.D.N.Y. Aug. 18, 2016) ("The defendant drug treatment organizations, transitional housing facilities, and the employees who work for them are not considered state actors under section 1983."), *report and recommendation adopted*, No. 13-7090, 2016 WL 5928672 (E.D.N.Y. Sept. 30, 2016); *Outen v. Prialeau*, No. 12-4166, 2013 WL 1875042, at *4 (E.D. Pa. May 3, 2013) (noting during *sua sponte* review of *pro se* complaint that "Plaintiff's Fourteenth Amendment claim could be dismissed for two reasons: (1) Defendants do not appear to fit within the plain meaning of 'state actors' as they are employees of Gaudenzia and not the government; and (2) Defendants did not have the authority to make the decision to return Plaintiff to jail").[1] That same conclusion is warranted here.

The DRC Defendants have "made a factual attack on the existence of subject matter jurisdiction (in contrast to a facial attack that deals with the sufficiency of the pleadings)," which permits the Court "to make factual findings, beyond the pleadings, that [a]re decisive to determining jurisdiction." *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008) (citations omitted), *as amended* (Sept. 29, 2008). Although Mr. Allah need not respond to these challenges with the same factual showing that would be required to succeed at trial, *id.*, the burden still rests

---

[1] Although the court in *Outen* perceived a lack of state action, it also stated it was "unable to decide whether Defendants acted under the color of state law" due to the "early stage" of the litigation and the fact that the defendants had not yet filed an answer, 2013 WL 1875042, at *2, and dismissed the complaint on other grounds. There, however, the court was evaluating the sufficiency of the complaint *sua sponte* pursuant to the Prison Litigation Reform Act. In stark contrast, here the DRC Defendants have filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and have submitted evidence in support of dismissal.

9

with him to show that subject matter jurisdiction is met. Here, that requires a showing that the DRC Defendants acted under color of state law. Mr. Allah has not advanced such a showing.

Accordingly, Mr. Allah has failed to establish subject matter jurisdiction based on a federal question under 28 U.S.C. § 1331, and there is no diversity among the parties to support jurisdiction under 28 U.S.C. § 1332. Therefore, the Court grants the DRC Defendants' motion to dismiss. Because the Court grants the motion to dismiss under Rule 12(b)(1), it need not reach the issue of failure to state a claim under Rule 12(b)(6).

Given Mr. Allah's *pro se* status, and understanding that a private actor can be properly said to have acted under color of state law if the necessary nexus between the private actor and the state is alleged, the Court dismisses Mr. Allah's claims against the DRC Defendants without prejudice. If Mr. Allah wishes to file an amended complaint, he may seek leave to do so. However, Mr. Allah should only seek leave to amend if he believes in good faith that he can cure the jurisdictional issues discussed in this Memorandum. Furthermore, Mr. Allah's claims against his parole agent remain at this time. If he seeks leave to amend, Mr. Allah should be sure to include in his proposed amended complaint any and all allegations against his parole agent that he seeks to maintain.[2]

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] The parole agent defendant has filed a motion to dismiss. However, this motion is currently outstanding pending Mr. Allah's responsive briefing, the deadline for which the Court has previously extended on multiple occasions.